Wheeler, J.
The question is, was it necessary for the appellants, being administrators, to have given an appeal-bond ? And we are of the opinion that it was not.
The act of 1840 (4 Stat., 129, see. 58) provided that i‘in all cases of appeal from any court in the Republic it shall not bo necessary for executors, administrators, or guardians to give the bond and security required of appellants in other cases.”
Under this statute it was considered the privilege of persons litigating in the capacity of executors, &c., to appeal without giving bond. (1 Tex. R., 190.)
*18 The act of 1S4S, see. 4, which is a revision of the former act, employs a somewhat different phraseology. Its language is that the “ executors, administrators,” &c., “shall not be ruled'to give security for costs in any suit to recover money due or property belonging to tho estate. And no security shall be exacted of executors or administrators of deceased persons’ estates, in appeals taken, in suing for such money or property, or in defending suits brought against such estates for money or property.” (Hart. Dig., art. 834.)
This statute was not intended, wo think, to change the rule upon this subject as understood and practised under the former law. That the mere change of phraseology-in the revision of a statute before in force will not. work a change in the law previously declared, unless it indisputably appear that such was the intention of the Legislature, lias been expressly decided. (2 Cain. Cas. Ev., 143 ; 4 Johns. R., 317, 359 ; 21 Wend. R., 319; 2 Hill, (N. Y.) R., 389.) No such intention is manifested in the present instauce.
We conclude, therefore, that under the latter statute, as under tho former, where a party litigates in the capacity of executor or administrator for the benefit of the estate lie represents, it is his privilege to appeal without giving bond.
In the present case the plaintiffs sued as administrators, ostensibly for the benefit of the estate, and they come, we think, within the provision of the statute which authorizes an appeal without bond.
We are of opinion, therefore, that the motion to dismiss be overruled.
Motion overruled.