MILES M. BATTLE, ADM'R, v. PHILIP HOWARD.

The 123d Section of the Act of March 20th, 1848, to regulate proceedings in the County Court, pertaining to estates of deceased persons, (Hart. Dig. Art. 1232,) which requires a bond to be filed in cases of appeals to the District Court, does not apply to appeals by executors or administratoas in their representative capacity.

The 4th Section of the Act of March 16th, 1848, concerning proceedings in the District Courts, construed to authorize appeals from the County to the District Court, without bond, by administrators, in their representative capacity, and appeals in like manner by administrators, from the District to the Supreme Court, in proceedings originally commenced in the County Court.

See this case as to the construction of that provision of the Constitution (Sec. 24, Art. VII,) which requires every law to embrace but one object, which shall be expressed in the title.

Where an administrator is personally aggrieved by a judgment of either the County or District Court, and desires to appeal in his own right, he must give bond.

The Statute makes no provision for notice of appeal in the County Court; but, on general principles, he who would appeal from the judgment of any Court, must do so in open Court, at the time when the judgment is pronounced, and the fact should appear in the proceedings in the case.

Appeal from Fort Bend. Order in the County Court for payment to Howard, of an allowed and approved claim against the estate. Appeal by the administrator to the District Court without bond. Appeal dismissed for want of appeal bond. Appeal to this Court without bond.

*J. B. Jones,* for appellant.

*G. W. Smith,* for appellee. The Act entitled "an Act to regulate proceedings in the County Court, pertaining to estates of deceased persons," (Hart. Dig. p. 355,) regulates the jurisdiction and mode of proceedings in the County Court in all cases cognizable in that Court, from the first incipient step to the close of the proceedings. Art. 1232 provides for appeals from said Court, and allows them in favor of any "per-

son" who may consider himself aggrieved by any decision, order, decree or judgment of that Court, on condition that he gives bond with surety, to be approved by the Chief Justice, in a sum to be directed by him, conditioned for costs and damages, which bond is to be filed with the Clerk of the Court.

This is the mode prescribed and the only mode, and there is no exception in favor of administrators. This Act nowhere provides that notice of appeal shall be given, or shall be sufficient to consumate the appeal from that Court. The approved bond on file in the County Court is the legal evidence to that tribunal of the appeal and stay of proceedings there.

The 804th Art., Hart. Dig., dispenses with appeal bonds on the part of executors and administrators, in suits for money or property belonging to the estate, or in defending suits brought against such estate for money or property. This Article is in the Act entitled " An Act concerning proceedings in the District Court," (Hart. Dig. p. 267,) and appertains only to " suits" originally brought in the District Court for money or property claimed for or from the estate, and must be confined to the proceedings had in that Court in such suits.

But it is insisted that this Article, 804, cannot govern appeals from the County Court, as this construction would be in violation of the 24th Section of the general provisions of the State Constitution, (Hart. Dig. p. 73,) which provides as follows : that " every law enacted by the Legislature, shall embrace but one object, and that object shall be expressed in the title." The object of the Act in which we find the 804th Art. is express, and unequivocally intended to regulate proceedings in the District Court only, and not proceedings in the County Court, or to govern a case while it is in either the County or the Supreme Court. The County Court is as distinct from the District Court, as it is from the Supreme Court. The Constitution and laws make them thus distinct, and one Act of the Legislature cannot control either two of them. (4 La. An. R. 297, Walker v. Caldwell ; 5 Id. 92, State v. Hackett.)

WHEELER, J. The only question presented by the record is, whether it was necessary for the plaintiff, an administrator, appealing from the judgment of the Probate Court, rendered against the estate he represents, to give an appeal bond. And we are of opinion it was not. We do not think the provisions of the statute, relied on in support of the judgment of the Court in this case, (Hart. Dig. Art. 1232,) was intended to apply to the case of an administrator or executor appealing from a judgment against the estate of his testator or intestate. That provision was designed, we think, to give the right and prescribe the mode of taking an appeal, by one personally interested in the estate, who, in the language of the provision, may "consider himself aggrieved" by the judgment appealed from. This is the natural interpretation of the language of the provision. And moreover, since the Act of 1840, exempting executors and administrators, in all cases of appeal by them in their representative capacity, from the necessity of giving bond, (cited in Ennis & Reynolds v. Crump, 6 Tex. R. 34,) there has been no enactment, in terms imposing that necessity; but on the contrary, whenever they have been expressly mentioned in connection with the exercise of the right, the exemption has been repeated. Nor in practice has an appeal bond ever been supposed to be necessary in such cases. On the contrary, it has been the constant practice of the District Courts and of this Court to adjudicate cases appealed by administrators from the Probate to the District Court without bond.

We deem it unnecessary to enter upon a critical examination and analysis of the several provisions of the law which have been referred to. It may suffice to dispose of this question, to say that we deem it not an unreasonable or a strained construction to hold, in furtherance of the right of appeal, that the Act "concerning proceedings in the District Court," (Hart, Dig. Art. 804,) may embrace as well the proceedings necessary to enable that Court to acquire jurisdiction to try and determine causes, as proceeding to transfer causes from

that to the Court of final resort; and consequently that the appellate jurisdiction of the Court may be maintained and exercised, and transmitted in this case, under the provision of Art. 804 of the Digest, without any infraction of the letter and spirit of the 24th Section of the General Provisions of the State Constitution.

Where an executor or administrator appeals in his own behalf from a judgment affecting him personally, he undoubtedly must give bond in like manner as any other person appealing from a judgment by which he conceives himself personally aggrieved. But where he appeals on behalf of the estate he represents, from a judgment rendered against him in his representative capacity, it is an act done within the scope of the trust reposed in him in that capacity, for the due exercise of which the bond he has previously been required to give to ensure the rightful performance of the trust, is a security, and the law does not require, or contemplate that he shall give an additional bond for every such act he may be required to perform, in the discharge of his duty to the estate he represents. In such a case he may appeal without bond. It is suggested, as an objection to an appeal without bond, from a judgment of the Probate Court, that the law makes no provision for giving notice of appeal in that Court. Such a provision is not necessary to the exercise of the right of appeal. On general principles, he who would appeal from the judgment of any Court, must do so in open Court at the time when the judgment is procured, and the fact should appear in the proceedings in the case. This is all the notice which, in pratice, the law has been held to require in any case. In the present case, the administrator appealed from the judgment of the Probate Court, and the fact was entered of record. And we are of opinion that nothing further was necessary to give the District Court jurisdiction in this case, and that it was error to dismiss the appeal. The judgment is therefore reversed and the case remanded.

Reversed and remanded.