## BURNHAM *v.* STEVENS.

No person is liable in a civil action for what he has done as a judge while acting within the limits of his jurisdiction.

A justice of the peace has jurisdiction to take the deposition of a witness, to be used in a court of another State.

In the revision of statutes, a mere change of phraseology will not be deemed to alter the law, unless it evidently appears that such was the intention.

Where no effect can be given to the new language otherwise, the law will be construed to be changed.

A summons to testify is sufficient, where a deposition is to be taken.

A witness was summoned to appear before a justice of the peace, in a case pending in a court of Maine, and neglected to attend. He was brought before the justice by attachment, and fined, and was imprisoned on the justice's warrant, until he paid the fine and costs.—*Held*, that the justice had jurisdiction to take a deposition to be used in another State, and to impose a fine for neglect to appear and give a deposition, upon a witness duly summoned and neglecting to attend; that a summons to testify was sufficient, and though the proceedings were irregular, the justice was not liable until they were set aside.

THIS is an action of trespass for an assault and battery, and false imprisonment of the plaintiff, till he paid $17.98.

The defendant pleaded the general issue, and with it filed a brief statement of defence, setting forth that the plaintiff was summoned before him as a justice of the peace, to give a deposition in a case to be tried before the supreme court of Maine, and his fees paid, and he neglected to attend : That the defendant issued a capias to bring the plaintiff before him, to answer for this contempt, upon which he was arrested and examined ; and it appearing that he had no reasonable excuse, he was adjudged guilty, and sentenced to pay a fine of ten dollars, and costs, taxed at one dollar and ninety-five cents ; upon which judgment a mittimus was issued, and the plaintiff was arrested by an officer and detained in custody till he paid the fine and costs, and officer's fees, which amounted to $17.98.

The declaration and brief statement were full and particular in their statements, which are not deemed necessary to be stated to render the decision intelligible.

The plaintiff moved that the brief statement should be reject-

ed, for various reasons, which are sufficiently referred to in the arguments of the counsel and in the opinion of the court.

*Wm. H. Bartlett*, for the plaintiff.

At common law this defence must be pleaded, and the plea must set out every fact necessary to constitute a perfect defence; and a brief statement must equally state every thing necessary for the defendant's justification.

1. When a justice of the peace has no jurisdiction to issue the warrant under which an arrest is made, he is a trespasser. Bac. Ab., Trespass, B; 2 Stra. 993; 10 Co. 766; 5 Shep. 415; 10 Mass. 456; 16 Vt. 246; 4 Cow. & H. Notes to Ph. Ev. 183.

The power of a justice in a case like this is all statutory. He does not act in his general judicial capacity. In taking depositions he performs a duty merely ministerial. *State* v. *Richmond*, 6 Foster 235; 2 Johns. 70. He renders no judgment. He does not even pass upon questions of evidence. 3 Comst. 463; *Whittier* v. *Whittier*, 10 N. H. He holds no court of record.

In the case of tribunals of limited jurisdiction, the proceedings must be shown to be regular. 1 Stra. 710; Com. Dig., Pl. 3, M, 23 and 24; 7 Hill. 39.

So in the case of summary jurisdictions. 3 Yerg. 355, (5 Dig. 253, 137; 4 Cow. & H. Notes to Ph. Ev. 180; 1 Denio 104; *Sollers* v. *Severance*, Willes 413; *Cole's Case*, cited 11 Mass. 514.

A statutory authority must be shown to be strictly pursued. 8 Mass. 54; 4 Met. 253.

There are no presumptions or intendments in favor of the authority of inferior tribunals. Bac. Ab., Courts, B, 4; 1 Smith's L. Ca. (Am. ed.) 612; *State* v. *Hartwell*, 35 Me. 129.

The justice in a case like this acts at his peril; 6 Wend. 368; and is bound to show both his jurisdiction and the regularity of his proceedings.

2. The brief statement here is bad, because the justice has authority to act only when the depositions are lawfully taken.

Lawfully means agreeably to the statute. Our statute only provides for the taking of depositions to be used here. The depositions to be taken in this case were to be used in Maine, and the justice had no power to take such depositions. 2 Daniel Ch. Pr. 1057 ; *Pierce's Case,* 4 Shep. 256 ; 1 Greenl. Ev., sec. 324. The power depends on statute. 1 Greenl. Ev. 323. The witness is not liable under the statute, or at common law. Ib. 324. Other States have made provision for the taking of depositions to use out of the State, but New-Hampshire has not. Rev. St. Mass., ch. 94, secs. 1 and 53 ; Rev. St. N. Y., tit. 3, pt. 3, ch. 4, sec. 29, &c. ; Rev. St. Me., tit. 10, ch. 130, sec. 36 ; Rev. St. Conn. 1849, ch. 10, sec. 117 ; Comp. Stat. N. H., ch. 200, secs. 5 and 13.

No person can be compelled to give a deposition unless by express authority of statute law. *Bradstreet* v. *Baldwin,* 11 Mass. 229 ; *Fabyan* v. *Adams,* 15 N. H. 371 ; *Frye* v. *Baker,* 2 Pick. 65 ; *Amory* v. *Fellows,* 5 Mass. 221 ; *Howard* v. *Folger,* 3 Shep. 448.

There is no authority given by our law to a justice to issue a capias or impose a fine upon a witness for not giving a deposition before him in any case. The only provision is one authorizing a court or justice to issue a capias, and impose a fine where a witness refuses to appear and testify before them. Comp. Stat., ch. 200, sec. 8.

A summons to appear and testify is a different thing from one to give a deposition. The latter may be issued by a notary, but not the former. Ibid., secs. 4, 5.

The old law of 1829, (Laws 1830, p. 98,) is perfectly clear as to the power to impose a fine in one case and not in the other. The revision was not intended to alter the old law. *Crowell* v. *Clough,* 3 Foster 208. There is good reason for the distinction in the two cases.

If the deposition could be lawfully taken, and a fine be imposed for refusing, the brief statement does not show a justification : because it does not show what notice was given of the taking of the depositions, that the court may judge of its sufficiency. *Marshall* v. *Frisbie,* 1 Munf. 247 ; *Crepps* v. *Durden,* 1 Smith

L. Ca. 386, *a*, 387, *b*, 4 Am. ed., 696, 697 and 704; and because it does not allege that any action was pending. *Benson* v. *Hall*, 22 Vt. 612.

*Bellows*, for the defendant.

The statute gives to justices of the peace power to take depositions in the broadest terms, " in any matter or cause where the same may lawfully be taken." Before our statutes, courts had the power, by a commission, or *dedimus*, to take depositions either at home or abroad. Courts in different countries, being bound by the law of nations to aid each other for the furtherance of justice, on receiving such a commission to take the deposition of a witness abroad, the courts of the foreign country will execute it, either in court or by a commissioner. 1 Greenl. Ev., sec. 320. So it would be here. Then, before the provision made by our statutes, the testimony of witnesses residing here could only be taken under a commission, or authority of our courts, whether to be used here or abroad.

In either case they could be lawfully taken, and the witness compelled to testify. Our statutes give a justice the power to take depositions, where they may be lawfully taken. It could be lawfully taken to be used abroad, though a commission was before needed. Just so was it in respect to a deposition to be used here. The law conferring the power makes no distinction between depositions to be used in and out of the State. The power of the justice extends in terms to the whole, and he is authorized to do only what the courts could do before. So he may summon witnesses to attend any court, auditors, arbitrators, &c., and, in criminal cases, may summon them to go out of the State to testify. Comp. Stat. 485, secs. 5 and 30. He may take depositions *in perpetuam*, where no court is named, and to be used before arbitrators.

Depositions taken out of the State may be used here. *Shepherd* v. *Thompson*, 4 N. H. 213 ; Comp. Stat. 485, 486, secs. 13 and 14 ; Rules of Court 24 and 23. They must be taken before a justice of the peace. So our law recognizes the law-

fulness of depositions taken in another State by a justice ; and that shows the meaning of our law giving to justices power to take depositions, where they may be lawfully taken, in all cases.

In pronouncing sentence the court or justice act judicially ; the judgment is conclusive, and cannot be questioned collaterally. The 8th section of the 188th chapter of the Revised Statutes (Comp. Laws 385,) puts courts and justices of the peace upon the same footing as to the power of punishing contempts. And this power is exercised at common law by such justices. *Bennett* v. *Watson*, 3 M. & S. 1 ; where it is held that the power to bind over a witness implies the power to commit. So laid down in 2 Hale P. C. 282, that the justice may commit for contempt or refusal to recognize. *Lining* v. *Bentham*, Bay 1 (S. C.) cited in 9 Johns. 424, where it is held that a justice may commit for contempt, and that the act is judicial.

In New-York, a judge at chambers may commit for contempt, for refusing to comply with an order to answer interrogatories before a referee. *In re Smithurst*, 2 Sandf. S. C. 724 ; and the sufficiency of the proof cannot be inquired into on *habeas corpus*. In this case the power of the judge was confined in the same way as the power of the justice by our statute. The offence was not committed in court.

The power to examine, hear and punish, is a judicial power, and they in whom it is reposed are judges. Wherever there is a jurisdiction erected, with power to fine and imprison, that is a court of record, and what is done there is matter of record. *Graenvelt* v. *Burwell*, 1 Salk. 200 ; 8 Co. 60, 38 ; *Seaman* v. *Patten*, 2 Caines 312. A justice of the peace is a judge of record. Com. Dig., Justice of the Peace, C, 3. The duty of a magistrate in taking a deposition is essentially judicial. *Whitcher* v. *Whitcher*, 11 N. H. 353 ; Bac. Ab., Justice of Peace, E. In taking the deposition, then, and in pronouncing sentence, the defendant acted judicially. He alone could cause the witness to be brought before him. He alone could judge of the reasonableness of the excuse, and punish by fine. 1 Salk. 397. Of the reasonableness of the excuse for not attending, or testi-

fying, the court and not the witness is to judge. 3 Stark. Ev. 1727, and notes; *Bull* v. *Loveland*, 10 Pick. 9; *Amory* v. *Long*, 9 East 473.

A *ca. sa.* on an erroneous judgment is a justification to the party, though it is otherwise if set aside for irregularity. Com. Dig., Pleader, 3 M, 24; 3 Ch. P. 1084, notes *x* and *z*.

It is objected that it does not appear that the deposition could have been used if taken. But it is alleged that a caption was duly appointed and notified before the defendant, at the request of Dyer, to be used in a suit pending in a court in Maine, in which Dyer was plaintiff and D. Burnham defendant, of which the latter was notified. These allegations are sufficient. It is not necessary to recite the law or order of court allowing such deposition to be used, or the manner of giving notice. It is to be presumed that depositions may be taken and used.

But the witness has nothing to do with the question whether the formalities have been observed to entitle the party to use the deposition. The adverse party might or might not take exceptions; that is for him, and not this plaintiff to decide. The justice has jurisdiction to take the deposition, and the witness can no more refuse to give it, than he can refuse to attend court on a subpœna, on the ground that he conceives himself to be interested, or privileged. He must attend, or it is a contempt. He is not to judge of the materiality of his attendance. When he appears, it is time to make his objection, otherwise the business of courts could not be transacted. The power of a justice to take depositions stands on the same footing. Comp. Stat. 485, sec. 5.

It is objected that it is not alleged that he was summoned to give a deposition, but it is alleged he was summoned to testify. The two things are synonymous. Whether the testimony be oral or written, it is still the testimony of the witness, and the terms are used as synonymous in our statutes. The forms of subpœnas in chancery are " to give evidence." Blake's Chan. Pr. 138; and " to testify the truth." 2 Dan. Ch. Pr. 1055. Where a witness is called to testify *viva voce*, the form is the

same, " to testify the truth according to your knowledge." Ib. 1029.

Neither special pleading nor brief statements are necessary in actions against justices of the peace by statute of 21 James I. ; 1 Ch. Pl. 506 ; 3 Ch. Pl. 1091, note *n ;* Bac. Ab., Justice Peace, F.

BELL, J.[*]  In the case of *Yates* v. *Lansing,* 5 Johns. 282, the liability of judges to answer to individuals affected by their decisions for damages, was considered ; and it was there shown that from the earliest ages of the common law it has always been held that no judge is answerable in a civil action, on account of any judgment rendered by him as a judge.  To this rule there is but one exception.  If the judge has assumed to act as such in a case where he has no jurisdiction, his character of judge furnishes him no protection.

The jurisdiction of courts and judges, and others exercising judicial powers, may be very general or very limited ; limited as to place, as to person, as to subject matters, and as to course of proceedings ; and a failure of jurisdiction in any of these respects is fatal to any defence which rests on the assumption that the party attempted to be charged was acting in a judicial capacity.

In the same case it is settled that it is incident to courts of every kind to punish contempts of their authority ; and that no other tribunal is authorized, when proceedings of this class are brought incidentally before them, to reëxamine their proceedings.  How this might be in a proceeding designed expressly to reëxamine the proceedings, it is not necessary to inquire.

The present is a case not perhaps strictly of contempt at common law, but of an analogous kind under the provisions of a statute, and which would be governed in most respects by the same or similar rules.

The judgment of the court in a case of contempt, and the

[*] PERLEY, C. J., and FOWLER, J., having been of counsel, did not sit.

judgment of a magistrate imposing a sentence under a statute, are equally judgments, which, so long as they remain in force, and not reversed or set aside, are conclusive upon the points there decided, and no other court will suffer the question relative to the propriety of such judgment to be raised before them in any merely collateral proceeding. *Demeritt* v. *Lyford*, 7 Foster 547, and cases there cited.

But the question whether any such judgment has been rendered, is always open, in every other tribunal where it becomes material, to the rights of parties to raise it. And as want of jurisdiction of the subject matter renders every judgment pronounced by an unauthorized tribunal a mere nullity, the result is the same as if no judgment was in fact rendered, if it proves to have been rendered by an incompetent tribunal; though there are some defects usually spoken of as defects of jurisdiction, which relate to notices to the party affected, which may be waived by acts of parties, and are afterwards disregarded; but none such come in question here. *State* v. *Richmond*, 6 Foster 232.

From these principles it follows, that in this action of trespass for an arrest and imprisonment under a supposed judicial decision, there is but a single question before us. That question is, whether the defendant had jurisdiction to render the judgment under which the plaintiff was arrested. If he had such jurisdiction, he cannot be charged in this suit. And this court will not inquire whether or not the power has been wisely exercised, or whether the decision is right or wrong, in form or substance. If such enquiry can be made at all, it must be by some proceeding specially designed for that end.

So far as we are aware, it was not supposed that a justice of the peace, under the statutes in force before the Revised Statutes, had authority to issue an attachment for contempt against a witness who neglected or refused to appear before him and give his testimony in a deposition to be used before some other tribunal. No such case had come before the court. The phraseology of the statute was not calculated to lead to such exercise of power. The statute of Feb. 9, 1791, (Laws, 1815, 106; Laws, 1830,

98,) gave to justices power "to grant summons for witnesses," among other cases, " in all cases pending or triable before himself, and to grant summons for witnesses to appear before him at a certain time and place, to give a deposition in any matter, or cause, where the same may be lawfully taken;" sec. 22; and it provided that if any person, served with lawful process or summons before any justice, to testify, or give a deposition in any case where the same may be lawfully taken, and having tendered to him his fees, &c., shall neglect to attend, &c., or refuse to testify and give his deposition, if so required, having no reasonable excuse, he shall be liable to the action of the aggrieved party for all damages," &c. " And every justice before whom any witness is required to appear and testify, is empowered to bring any witness, having been duly and lawfully summoned, neglecting or refusing to appear *and testify*, by attachment; and if upon examination it shall appear that such witness had no reasonable excuse, to fine him not exceeding forty shillings and costs."

By the Revised Statutes, chap. 188, secs. 5, 6, 7 & 8, these provisions are revised and reënacted, without material change, except in the last. By section 8 the last provision is reënacted with a single modification, which seems material. It provides that " every justice before whom any witness has been summoned to appear and testify, *or give a deposition*, may bring any witness, refusing or neglecting to appear and testify, or give a deposition, by attachment before him, and if on examination he has no reasonable excuse, may punish him by a fine not exceeding ten dollars, and may order him to pay costs."

In the first of these statutes there seems a marked distinction between the clauses subjecting witnesses to a liability for damages, and that providing for an attachment for contempt. The first applies to cases of summons to give a deposition. The last has in terms no reference to that case. But by the Revised Statutes the provision corresponding to the last of the old statute applies, in terms, to the case of a summons to *give a deposition*.

It is contended that by the old statute it is clear that a justice has no power to fine a witness for neglecting to give a

deposition, and the Revised Statutes are but a revision of this, and that no change was intended in the law beyond a mere abbreviation. In the general principle relied on in this suggestion we entirely concur. " Where the law antecedently to the revision was settled, either by clear expressions in the statutes or adjudications on them, the mere change of phraseology shall not be deemed a change of the law, unless such phraseology evidently purports an intention of the legislature to work a change." *Taylor* v. *Delaney*, 2 Caines' Ca. in Error 151; 4 Johns. 359, *Yates' Case; Crowell* v. *Clough*, 3 Foster 209 ; *Sheffield* v. *Lovering*, 12 Mass. 492; *Sloan* v. *Bryant*, 8 Foster 67 ; *in re Brown*, 21 Wend. 316; *Thueat* v. *Hart*, 2 Hill 380 ; *Croswell* v. *Crane*, 7 Barb. 191; *Dominick* v. *Michael*, 4 Sandf. S. C. 374; *Ennis* v. *Crump*, 6 Texas 34 ; *in re Murphy*, 3 Zab. 180.

But the change of phraseology in the 8th section does not seem to fall within this rule. It is not an abbreviation, nor modification, but is the insertion of a distinct clause twice, (one by the commissioners and the other by the legislature ; Comr's Rept. ;) which had no place in this provision of the old statute, though the phrase occurs repeatedly in the other provisions. It must be rejected wholly, or it must be construed to include the new case of refusal to give a deposition, among those where a justice may impose a fine. *Buck* v. *Spofford*, 31 Me., 1 Red. 34 ; *Paige* v. *Ellis*, 1 Pick. 43 ; unless, indeed, we should infer that the legislature regarded this as a case already provided for in the old statute, and designed merely to remove any doubt upon the matter. We think the true construction of the statute is, that the powers of a justice were designed to be extended to this new case, and that under it a justice may bring before him and fine any person, who, upon being duly summoned, shall, without reasonable excuse, neglect or refuse to appear before him and give a deposition.

The power being given to impose a fine in certain cases, no general presumption can be allowed that the justice has kept within his jurisdiction, as might perhaps be done in the case of the superior courts of general jurisdiction ; because his powers

are merely statutory, and confined to the precise cases specified in the law. We have, therefore, to examine the grounds of defence stated, to ascertain if the power is alleged to be exercised in this case under the circumstances and within the limits where it may be lawfully done.

By the statute it is required that the witness shall have been duly summoned before the justice, to give a deposition in a matter or cause where the same may be lawfully taken ; and shall have neglected or refused to appear and testify, shall have been brought before him by attachment, shall have been examined, and has no reasonable excuse, and then he may be fined and ordered to pay costs.

Each of these matters is alleged distinctly and sufficiently, as we think, in the brief statement, and no question is raised except as to two of them. It is alleged that the deposition was to be taken to be used in the supreme court of Maine, and it is objected that there is no statute provision for the [taking of depositions in such cases, and consequently that no deposition can be lawfully taken before a justice here in any such case. But it by no means follows that, because there is no statute provision on the subject, depositions cannot lawfully be taken here in such cases. The statute to which we have referred does not affect to state the cases where depositions may lawfully be taken, but leaves that matter to be determined by other statutes, or by the common law. There is no suggestion that there is any common law principle, or statute provision, which forbids such deposition to be taken ; and it might perhaps be sufficient to rely on the general principle of our law, that it is lawful to do whatever is not, either expressly or by some general principle, forbidden to be done. But it is generally understood that from time immemorial depositions have been so taken here, to be used in other States and countries. Commissioners to take such evidence are appointed here by other States, and by this State resident in other States, and we have yet to learn that it has ever been held illegal any where to take such depositions. Our laws, (Rev. Stat., chap. 188, sec. 14,) authorize judges and justices

in any other State or country, to take depositions to be used here. By the law of nations it is said the courts of justice of different countries are bound to be mutually aiding and assisting to each other for the furtherance of justice. Hence, when the testimony of witnesses who reside abroad is necessary in a cause, the court or tribunal where the action is pending may send to the court or tribunal within whose jurisdiction the witnesses reside, to take their testimony. Hall's Practice 37 ; 1 Greenl. Ev. 367.

These considerations demonstrate the lawfulness of taking such depositions, which is all that is required as to this point to give a justice jurisdiction.

It is objected, that the witness was not duly summoned ; that is, he was not summoned to appear and give his deposition, but that he was summoned to appear and testify, and it is alleged that such a summons was not a proper foundation for an attachment for not attending to give a deposition. It seems, however, to be as suitable a form of summons in the one case as in the other, since the party is required to testify in the one case as well as in the other, and we understand this to be the usual form in both cases. It has the additional merit of being the form prescribed by the statute.

It is said the brief statement does not show a sufficient notice, nor an appearance sufficient to justify an adjournment, nor that the plaintiff was summoned to attend at the time and place notified for taking the depositions, nor that the plaintiff refused to give a deposition, with or without reasonable cause, nor that the deposition, if taken, could have been used, nor that the plaintiff was guilty of any contempt, nor that the deposition was proposed to be taken in accordance with the laws of the State.

Now there is one answer to all these suggestions, namely, that the defendant, if he had jurisdiction to act in the case, and to try and determine these questions, is not answerable in a civil action for any thing done by him in the discharge of his official duties. And that, neither in this action, nor in any other, will the court treat his judgment as a nullity, nor reëxamine the merits of the question he has decided, so long as he has not overstepped his jurisdiction. *Motion denied.*