AUGUST BUTTLAR ET AL. v. MARY J. DAVIS ET AL.

1. INDEPENDENT EXECUTOR—APPEAL BOND.—An independent executor, who appeals from a judgment of the District Court, as such, for the benefit of the estate he represents, is not required to execute a statutory appeal bond.
2. INDEPENDENT EXECUTOR — APPEAL BOND.—An appeal bond executed by an independent executor, as such, in a suit prosecuted or defended by him for money or for property for the use and benefit of the estate represented by him, is not a statutory bond upon which the Supreme Court can enter judgment as in ordinary cases of appeal.
3. CASE APPROVED.—Tucker *v.* Anderson, 25 Tex. Supp., 158, approved.
4. CASE DISCUSSED.—The case of Battle *v.* Howard, 13 Tex., 345, discussed.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Suit by Mary J. Davis, as plaintiff, and Mrs. William Brady and husband, as intervenors, on several notes executed by C. H. Jordan, amounting now to about $10,000, gold, and to establish and foreclose a mortgage lien therefor on certain land in Harris county. The suit was originally instituted against Jordan in his life-time, and after his death was revived against August Buttlar and Francis Lammers, as his executors, administering his estate under an independent will. The points of controversy were as to the existence of the mortgage lien claimed and the jurisdiction of the District Court of Harris county. There was a judgment for the plaintiff and intervenors for the amounts claimed by them respectively, and decree establishing and enforcing the mortgage lien. The executors gave notice of appeal and filed a bond, with securities, which concluded as follows: "Now, if the said August Buttlar and Francis Lammers, as executors as aforesaid, shall prosecute their said appeal with effect, and shall perform the judgment, sentence, or decree of the Supreme Court in case the decision of the said court shall be against the said appellants, then this bond to be void; otherwise to remain in full force."

Judgment was rendered in this court affirming the action of the court below, and against the appellants and their securities on the appeal bond for the amount recovered below, and costs.

The opinion was rendered on the motion of appellants for rehearing and to reform that judgment.

*Street & Kleberg,* for the motion.

I. Is the bond found in the transcript a statutory appeal bond?

This was a suit brought against the estate of a deceased person for money, and the appeal was taken by the executors in defending it. It would seem to follow, that if the bond could not be exacted; if it was not required by statute to perfect the appeal and to give this court jurisdiction, but that the right of appeal was guaranteed without bond, and appellate jurisdiction in this case was not dependent on the bond, then, though this instrument be in the form of an appeal bond, it is not such in law. It is not an act required by law to perfect the appeal. The appellate jurisdiction of this court is not dependent upon it. It is not a statutory appeal bond, and this court acquires no jurisdiction by virtue of its being given.

The statute has been liberally expounded. In Ennis *v.* Cramp, 6 Tex., 34, the court held, that the difference in phraseology between the statutes of 1840 and 1848 was immaterial, and that the latter has the same scope and operation as the former.

In Battle *v.* Howard, 13 Tex., 347, 348, notwithstanding the twenty-fourth section of General Provisions of the Constitution of 1848, the court held, that the exemption is equally applicable in appeals from inferior courts to the District Courts as in appeals from the District Court, and such has ever been the practice; deriving its authority exclusively from the statutes of 1840 and 1848, though, in providing for appeals, the various magistrate and probate acts in no instance refer to the exception.

The reasons given by the learned judge who delivered the opinion in Battle *v.* Howard, for the statute exempting execu-

tors and administrators from giving bond on appeal in suits affecting estates they represent, are equally applicable whether bond has been given for the faithful administration of the estate or not; for the party in adverse interest has the right to require the bond.

Guest v. Guest, 48 Tex., 211, was the case of an executor acting under an independent will. There was a motion to dismiss because no appeal bond had been given. The motion was sustained. The court say: "The suit was not brought against the estate for money or property, but against him, to eject him from the administration of it, to preserve the money and property of the estate." It was an appeal in his own behalf.

In Shelton v. Wade, 4 Tex., 150, it was decided, and has ever since been followed by the court and in practice, that the signature to the bond of the party appealing was not necessary; yet the surety can only be bound as is his principal.

Under the law and practice in this State authorizing judgment against sureties on the appeal bond on affirmance of the judgment below, (a rule which certainly does not generally obtain elsewhere,) it is difficult to see, when a judgment is rendered against an estate, how an appeal bond is to be executed that would give the court jurisdiction to render the usual judgment on an appeal bond. If the judgment is against the estate, the estate, and not the executor in his individual capacity, must be the principal on the bond; yet it would be clearly incompetent to render judgment against the estate as such, and against the sureties absolutely.

II. If the bond is not required to perfect the appeal, and if the appeal is perfected without bond, the court has no jurisdiction over the bond on appeal, and it is a mere voluntary act, without consideration and void. (Pierce v. Wallace, 48 Tex., 401.)

III. When the language of the statute is plain and unambiguous, and conflicts with that of no other statute, there is no room for construction; and it is not admissible to restrict the

plain terms of the statute because they may not accord with the ideas of the judge respecting the theoretical harmony of a supposed system.

At common law, and under the laws of many of the States, executors are neither required to give bond nor to administer under the directions of the court. There is no definition of the term, legal or literary, that authorizes such restriction.

*Edward T. Austin,* also for the motion.

I. The judgment in this case should have been payable in due course of administration. (Paschal's Dig., arts. 7, 18, 1479.)

In Leyendecker *v.* Martin, 38 Tex., 288, (no service on testator or intestate before death,) the court say: "Under the facts in this case, the administrator was entitled to as full notice of the course of action as his intestate would have been if living."

The case of Boone *v.* Roberts, 1 Tex., 159, is not applicable to this case, as service was performed on Boone in his lifetime.

II. The appellants, being executors of Charles H. Jordan, and made parties for the purpose of obtaining a judgment against Jordan's estate, were not required by law to give bond to appeal from the decision of the court below against them. (Paschal's Dig., art. 1503; Ennis *v.* Cramp, 6 Tex., 34; Lockhart *v.* Lockhart, 1 Tex., 199.)

In Ennis *v.* Cramp, 6 Tex., 35, the court say that this statute (art. 1503) was not intended to change the rule on this subject as understood and practiced under the former law, and concludes, therefore, that under the latter statute, as under the former, where a party litigates, in the capacity of executor or administrator, for the benefit of the estate he represents, it is his privilege to appeal without giving bond. (See also Battle *v.* Howard, 13 Tex., 346.)

III. The act of 1870, entitled "An act prescribing the mode of proceeding in the District Courts in matters of probate,"

governs the proceeding in establishing the will of C. H. Jordan and the manner of administration.

Appellant submits that there is no case, in the reports of the Supreme Court of Texas, deciding that an independent executor, litigating in his representative capacity for the benefit of the estate he represents, should give an appeal bond. (48 Tex., 210.)

Guest *v.* Guest is a case of such an executor litigating his right to be the executor,—purely a case of personal interest. In Pierce *v.* Wallace, the independent executor gave bond under a will probated relieving him of bond, and the court say the bond was executed without authority of law and void. (48 Tex., 399.)

*E. P. Turner,* against the motion.—The question presented is whether the appellants were required by law to give an appeal bond to enable them to prosecute their appeal. This involves an inquiry as to the legal status of the appellants towards Jordan's estate under the will and their relation to appellees.

It is admitted that in the case of ordinary executors and administrators—that is, those who have been required to execute a sufficient bond for the faithful performance of their duties as such—they are not required, under the statutory provision, to give an appeal bond.

The reason of the rule, we submit, is to be found in the fact that should an appeal in their judgment become necessary for the protection of the estate, such appeal would be in the scope of their trust, and the bond which they had previously been required to give secures the rightful performance of said trust, and protects all persons interested in the estate.

The record in this cause shows that the will is an independent one, and relieves the appellants of every legal obligation or restriction, notwithstanding they had the free and uncontrolled possession and use of the estate.

The will vests absolute title in appellants, and directs that

no further action be had in the administration of the testator's estate in any court beyond the probate and registration of his will and the return of an inventory of his estate; and especially directs that no bond be required of his said executors, or the survivor of them.

The principle of *ratio cessat lex cessat* seems particularly applicable here, and is especially invoked.

The court is particularly invited to the language of this court in Battle *v.* Howard, 13 Tex., 348, which seems to be relied on by appellants in their brief.

The language used by the court in Battle *v.* Howard, 13 Tex., 348, contains, in our humble opinion, the gist of the principle laid down.

The court say that the appeal "is an act done within the scope of the trust reposed in him in that capacity, for the due exercise of which the bond which he had previously been required to give to insure the rightful performance of the trust is a security, and the law does not require or contemplate that he shall give an additional bond for every such act he may be required to perform in the discharge of his duty to the estate he represents." Why? Is it not obvious? Because he has already given a bond by which the rights of all creditors are secured.

The case of Guest *v.* Guest, 48 Tex., 211, is also relied on by the appellants. The question here presented was not before the court in Guest *v.* Guest, and is in no manner passed upon. In that case certain heirs and legatees brought suit against the executor to enjoin him from further acting under the will, and to appoint a receiver to take charge of the estate. This court held that it was a suit brought against him, as it were, in his individual capacity, and that he should be required to give an appeal bond. The court nowhere says, either directly or by implication even, that an executor under an independent will, by the very terms of which he is relieved from giving bond, and has not given bond, falls within the statutory exemption in article 1503 of Paschal's Digest.

If there be any implication conveyed, it is the reverse of that contended for by appellants, because the court confines the exemption to "an ordinary executor administering the will under the direction of the Probate Court." That is the very language used.

The executors of Jordan, the appellants herein, are by no means ordinary executors administering the estate or will under the direction of the Probate Court. They occupy a position just the reverse of the above.

The principle laid down in the case of Pierce v. Wallace, 48 Tex., 399, is not at all applicable to the facts in this case. That was a case where an administration bond was filed, and does not relate to an appeal bond.

BONNER, ASSOCIATE JUSTICE.—This was a suit originally brought by Mary J. Davis against Charles H. Jordan on certain promissory notes executed by him. During the pendency of the suit Charles H. Jordan died, and August Buttlar and Francis Lammers, as independent executors, (who, by the terms of his will, had the power to administer his estate without control of the court, and without giving bond under the provisions of the probate act of 1870,) were made parties defendant.

On the trial below judgment was rendered against them as such executors, and on appeal to this court they were required to execute a bond as in ordinary cases. The judgment below was affirmed at the late Galveston Term, and judgment entered against the executors as principals, and against the sureties on their appeal bond. On motion to have the judgment of this court reformed, it was decided that such executors were not required to give bond and security on appeal, and hence that such bond was not a statutory bond upon which this court could enter judgment as in ordinary cases of appeal, and the former judgment was to this extent reformed. The decision of the court was announced, and there not being sufficient time before the end of that term to prepare a written opinion,

and the question being deemed of sufficient practical impor-
tance to demand one, the same is now delivered.

It has been the law of Texas, since the days of the Republic,
not to require bond and security of executors and administra-
tors, as such, in prosecuting or defending appeals in suits, for
money or property, contested for the use and benefit of estates
represented by them. The act of 1840 (4 Stats., sec. 58, p.
129) provided: "That in all cases of appeal from any court
in this Republic, it shall not be necessary for executors, admin-
istrators, or guardians to give bond and security required of
appellants in other cases."

This was substantially reënacted by the act of March 16,
1848, still in force, which provides that "Executors and ad-
ministrators of deceased persons' estates shall not be ruled to
give security for costs in any suit to recover money due or
property belonging to the estate. And no security shall be
exacted of executors or administrators of deceased persons'
estates in appeals taken in suing for such money or property,
or in defending suits brought against such estates for money
or property." (Paschal's Dig., art. 1503; Ennis *v.* Cramp, 6
Tex., 34.)

In Tucker *v.* Anderson, 25 Tex. Supp., 158, it was decided
that this article (1503) was not repealed by the emphatic lan-
guage of the subsequent act of February 5, 1858, (Paschal's
Dig., art. 1517,) which provides that "No writ of error to re-
move a cause from the District to the Supreme Court shall in
any case issue, unless the plaintiff in error give bond, with
sufficient security, for all the costs which may accrue in the
Supreme Court and which may have accrued in the District
Court."

The only qualification upon this exemption on the right of
appeal by executors and administrators, is that contained in
the line of decisions of which the case of Battle *v.* Howard, 13
Tex., 345, may be considered the exponent, that where an
executor or administrator appeals, in his own behalf, from a
judgment which affects him individually, he must give bond

in like manner as other persons. To this effect is the late case of Guest v. Guest, 48 Tex., 210, where the matter in controversy was the personal right of the appellant to retain his position as an independent executor, and in which it was decided that he should have given an appeal bond, as required of other parties litigating for their individual benefit.

In the above case of Battle v. Howard, 13 Tex., 348, it is said: "But where he appeals, in behalf of the estate he represents, from a judgment rendered against him in his representative capacity, it is an act done within the scope of the trust reposed in him in that capacity, for the due exercise of which the bond he has previously been required to give to insure the rightful performance of the trust is a security, and the law does not require or contemplate that he shall give an additional bond for every such act he may be required to perform in the discharge of his duty to the estate he represents."

This reason would not apply to an independent executor who is not required to give bond. His office, however, is no less one of trust, and by the terms of section 160 of the probate act of 1870, it is declared that the estate in his possession "shall become, like any other property to be administered under a power, chargeable in the hands of a trustee, and liable to execution in any court having jurisdiction." (Paschal's Dig., art. 5628.)

Although such executors should be required to perform all those acts which are necessary and proper for the due execution of the trust which they have undertaken, yet it could never have been contemplated to make them, any more than ordinary executors and administrators, liable beyond the amount of assets which properly should have come into their possession. Good faith and reasonable diligence in behalf of the interest of the heirs and creditors of the estate, would require that they should exercise a sound discretion, when it was believed that the ends of justice had not been attained, to prosecute an appeal, and for a failure to do this, they might, in a proper case, be liable in damages; but certainly it could not be expected that they should make themselves and sureties indi-

vidually liable in any event, by giving a bond, as in ordinary appeals, conditioned that they would prosecute the appeal with effect, and would perform the judgment, sentence, or decree of the Supreme Court in case the decision should be against them.

Such bond, in case of an insolvent estate, would make the executor liable for the whole amount of the judgment of the Supreme Court, if against him, regardless of the assets in his hands, and regardless of the rights of other creditors equally diligent, and of the claims of preferred creditors; and in the event that he himself could not respond, his sureties might be held subject to pay that which, in equity, could not properly be chargeable against their principal.

As said in regard to the repeal of the statute exempting executors and administrators by the subsequent act of 1858: "To construe the late statute to have the effect of destroying this special exemption, would require of this court to render a judgment upon the bond against an administrator in his individual capacity, or place the sureties on the bond in a worse condition than that of their principal." (Tucker v. Anderson, 25 Tex. Supp., 159.)

The class of executors embracing those now before the court have been expressly recognized by our laws, at least since the act of January 9, 1843. (7 Laws of the Republic, 14.)

Where express provision is not made by statute to require bond and security, it is believed that, in proper cases, the powers of a court of equity could be invoked to protect the estates from waste or mismanagement by them. They come within the terms of the above act of 1848 (Paschal's Dig., art. 1503) exempting executors and administrators, in their representative capacity, from giving bond and security; and we are not authorized, where neither justice nor public policy demands it, to make an exception to a plain statutory enactment.

JUDGMENT REFORMED.

[Opinion delivered at Austin Term, 1878.]