Opinion by
Willson, J.
§311. Executor; independent may prosecute an appeal or writ of error without giving bond; case overruled. Appellee moves to dismiss this appeal because appellant *269 has given no appeal bond. Appellant prosecutes the appeal in the capacity of an executor, for the benefit of the estate which he represents. It is apparent from the record that he is an executor without bond. He seeks to maintain and prosecute this appeal without giving an appeal bond, under article 1408 of the Revised Statutes, which provides that “executors, administrators and guardians appointed by the courts of this state, shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity.” Before the adoption of the Revised Statutes, article 1503, Pas. Dig., then in force, provided that no security should be exacted of executors or administrators of deceased persons’ estates, in appeals taken in suing for money or property belonging to the estates, or in defending suits for money or property brought' against the estates. It was held that the provision last_ cited had reference only to bonded executors and administrators, and not to those who were administering an estate without bond. [Battle v. Howard, 13 Tex. 348; W. & W. Con. Rep. § 694.] It will be observed that the article of the Revised Statutes above quoted limits the exemption from giving bond to such executors, etc., as have been appointed by the courts of this state. This change in the statute is in accord with the construction placed upon the former statute by the decisions above cited. Under the statute as it now is, there can be no doubt but that an executor who is appointed such by will, and not by a court, and who is administering the estate without giving bond, cannot prosecute an appeal or writ of error without giving bond. Such an executor is a mere trustee administering an estate without bond, having been exempted from giving bond by the' terms of the will which appointed him. In Sherwood v. Galveston Real Estate & Loan Company, it was held by this court, upon the authority of Battle v. Howard, 13 Tex. 348, that air independent executor was not relieved from giving an appeal or writ of error bond *270 by the provision in the statute which exempted executors, administrators and guardians from giving such bonds [Pas. Dig. art. 1503]; but that this provision embraced only those executors who had given bond as such. In the subsequent case of Buttlar v. Davis, 52 Tex. 74, a contrary doctrine was held by our supreme court, and it was directly determined that an independent executor who appeals from a judgment as such for the benefit of the estate he represents, is not -required to execute an appeal bond. The statute upon the subject was changed in its verbiage in the revision [R. S. art. 1408], but our supreme court, in a case just decided [Keowne et al. v. Love et al. Tyler Term, 1884], in an oral opinion, adhered to the rule announced in Buttlar v. Davis, supra, and refused to dismiss an appeal prosecuted by an independent executor without an appeal bond. The practice being thus settled by our supreme court, we overrule the case of Sherwood v. Galveston Real Estate & Loan Co. W. & W. Con. Rep. § 694, decided by this court, and overrule the motion to dismiss the appeal.
October 15, 1884.
Motion to dismiss appeal overruled.