Opinion by
Will-son, J.
§ 7 53. New trial; motion for, in justice's court, not necessary tó appeal. Conrad recovered judgment in justice’s court against Mrs. Masterton as administratrix of the community estate of her deceased husband and herself. She made no motion for a new trial, and appealed to the county court without giving an appeal bond, and her ap *661 peal was dismissed upon motion of Conrad, and she prosecutes this writ of error. Held: Under the law as it now is, a motion for new trial in the justice’s court is not essential to confer jurisdiction upon the county court on appeal. [W. & W. Con. Eep. §§ 68, 1097; Acts 18th Leg. p. 91.]
June 10, 1885.
§ 754. Administrator, etc., not required to give bond on appeal, etc., tuhen, “Executors, administrators and guardians appointed by the courts of this state shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity.” [E. S. art. 1408.] This provision extends to appeals from justices’ courts. [E. S. art. 1644; W. & W. Con. Eep. § 810.] In this case the appeal was from a judgment rendered against an administratrix of an estate in her fiduciary capacity, who had been appointed such administratrix by a proper court of this state, and as such had given bond. She was therefore within the exemption of the statute, and was not required to give an appeal bond. [Ante, § 311; Buttlar v. Davis, 52 Tex. 74.]
Beveled and remanded.