[No. 2482.    Aug. 2, 1920.]

BACA v. WINTERS et al.

SYLLABUS BY THE COURT.

An appeal from a judgment probating a will and removing an administrator of an estate by the party so removed, as administrator, cannot be perfected by such party without the giving of an appeal bond or undertaking, because in such case such party is not appealing in his representative capacity.

Appeal from District Court, Socorro County; M. E. Hickey, Judge.

Application by W. H. Winters and another, as the executors named in the will of W. H. Byerts, deceased, for ancillary probate of the will and for the removal of Elfego Baca, as administrator, with opposition by the administrator to his removal. Ancillary probate denied in the probate court, and from a judgment of the district court on the applicants' appeal, allowing ancillary probate and removing Baca as administrator, he appeals. On motion to dismiss appeal. Motion granted.

CAMPBELL & BUNTON and M. C. SPICER, all of Socorro, for appellant.

JAMES G. FITCH and MATT FOWLER, both of Socorro, for appellees.

OPINION OF THE COURT.

ROBERTS, J.  W. H. Byerts died at El Paso, Tex., June 18, 1919. Within a few days thereafter his purported last will and testament was filed for probate in Socorro county. On July 8th, Elfego Baca, appellant here, was appointed administrator of Byerts' estate, and he qualified by giving bond in the sum of $100,000. Thereafter Byerts' will was probated in El Paso county, Tex., and an application was made by W. H. Winters and H. R. Buell, executors named in the will, for ancillary probate of the will in Socorro county and for the removal of Elfego Baca as administrator. Issues were framed in the probate court, Baca, as administrator, resisting the ancillary probate of the will and his removal. That court denied the ancillary probate of the will, and Winters and Buell appealed to the district court. In that court ancillary probate of the will was allowed, and Elfego Baca was removed as administrator. From this judgment Baca prayed an appeal, which was granted.

The executors here move to dismiss the appeal because appellant filed no cost or supersedeas bond within the time required by the statute. Appellant concedes that he did not file the bond, but contends that under the provisions of chapter 43, Laws 1917, he was not required to

file a cost or supersedeas bond. Section 15 of that chapter provides for the filing of the cost bond where no supersedeas bond is given ''by any party other than an executor or administrator,'' etc. Section 18 reads as follows:

"When the appellant or plaintiff in error is an executor or administrator, as such, the state, a county or other municipal corporation, the taking of such appeal or suing out of such writ of error shall operate to stay execution of such judgment, order or decision."

If Baca was acting in his representative capacity in taking the appeal, clearly he is right in his contention, but we fail to see how he could be so acting when he is appealing from an order removing him as such administrator. So long as the order appealed from remains in force and effect, he is not administrator and his bondsmen would not be liable for costs incurred on the appeal, or for any other act done by him after his removal except, of course, his failure to account for money and property coming into his hands as administrator. In 3 C. J. p. 1120, it is said:

"It is generally held that an appeal from a judgment revoking letters of administration cannot be perfected by the administrator without the giving of an appeal bond or undertaking, on the ground that the executor or administrator in such case is not appealing in his representative capacity."

Many authorities are cited sustaining the text. This was the effect of the holding of the territorial Supreme Court in the case of In re Henriques, 5 N. M. 169, 21 Pac. 80. In that case the court quoted, with approval, the following excerpt from the case of Battle, Administrator, v. Howard, 13 Tex. 345:

"Where an administrator is personally aggrieved by a judgment or decree of the county or district court, and desires to appeal in his own right, he must give bond. The statute dispenses with appeal on the part of executors and administrators in suits brought against the estate for money or property."

In the present case Baca, individually, was aggrieved by the order removing him as administrator and admitting the will to probate. Further, he does not even pur-

port to appeal as administrator, for the order of appeal recites:

"And thereupon the respondent, Elfego Baca, prays and is allowed an appeal from this judgment to the Supreme Court of New Mexico."

It will thus be seen that he was not attempting to appeal in his representative capacity.

For the reasons stated, the motion to dismiss the appeal will be granted; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.