

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann
~~FORMIN DEN SHEPPERD~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable R. L. Crosier
County Attorney
Johnson County
Cleburne, Texas

Dear Sir:

Opinion Number O-3856
Re: Necessity of submitting
refunding bonds of common
school districts to the
Attorney General for ap-
proval prior to their
issuance.

We have your letter requesting our opinion on the
following question:

"Is it necessary for the Attorney General to
approve refunding bonds of Hines Common School
District No. 80?"

Article 2789 of Vernon's Annotated Civil Statutes
reads, in part, as follows:

"Where bonds have been legally issued or may
be hereafter issued by any * * * common school
district * * * new bonds bearing the same or a
less rate of interest may when ordered by the
governing board thereof be issued either as term
bonds or as serial bonds, maturing in either case
within forty years from the date of the issue, and
may be made optional on any interest payment date
as the governing board shall direct; provided fur-
ther that matured interest coupons of such district
may be refunded in like manner; and provided further
that no election shall be necessary to authorize the
issuance of such new bonds; and provided further
that the State Treasurer shall uponorder of the
State Board of Education exchange bonds not matur-
ed held by him for the permanent school fund <u>for
the new refunding bonds issued by the same incorpora-
tion under the provisions of this subdivision in case</u>
the rate of interest on the new bonds is not less than
the rate of interest on the bonds for which they are
exchanged".

The above quoted article is the successor to Article
2789, which was amended in 1935 by the Forty-fourth Legisla-
ture, page 760, Chapter 331. The article likewise was amend-
ed by the Acts of 1933, Forty-third Legislature, page 62, Ch.
32, the prior Act being a part of the codification of 1925,
prior to which said article was known as Article 2864 of the

1911 Revised Civil Statutes. The first law authorizing the issuance of refunding bonds by a school district of any kind is found in the Acts of 1905, page 263. Under the Acts of 1905 independent school districts were authorized to issue new or refunding bonds "in conformity with this Act". This Act required all original issues of bonds, both of common school districts and independent school districts, to be approved by the Attorney General before same were issued and sold. It was also necessary that new or refunding bonds issued by an independent school district should first be approved by the Attorney General. No authority was conferred upon common school districts to issue refunding bonds.

Under the revision of 1911 this section of the Act of 1905 was given the number 2864, which article authorized independent school districts to issue refunding bonds "inconformity with this chapter". The reference to "this chapter" in the revision had reference to Chapter 13, Title 49, under which was found the authority for the issuance of bonds by school districts, both independent and common, and both of which were required to submit the bond proceedings to the Attorney General for approval prior to their issuance and sale. Under the revision of 1925 this statute was given the new designation - Article 2789 - and authorized independent school districts to issue new or refunding bonds "in conformity with this subdivision". Article 2789, as amended in 1933 and 1935, used exactly the same wording as the revised article of 1925. It was not until the amendment of 1933 that common school districts were authorized to issue new or refunding bonds.

It will be noted throughout the history of this statute that there has been some change from time to time in the wording as above indicated, for example, under the Acts of 1905 the law provided that the bonds should be issued "in conformity with this Act". Under the codification of 1911 they were to be issued "in fonformity with this chapter". Under the revision of 1925 they were to be issued "in conformity with this subdivision", which phraseology has been carried forward to successive amendments down through the amendment of 1935. There can be little doubt but that the Legislature intended to have common school district refunding bonds approved and issued in the same manner as that required for independent school districts. By changing the reference from "this Act" to "this chapter" to "this subdivision", we think that no material change has been effected.

In the case of Ennis v. Crump, 6 Tex. 34, which was cited in Adams v. State, 145 S. W. 940, the court said:

"The mere change of phraseology in the revision of a statute before enforced will not work a change in the law previously declared, unless it clearly appears that such was the intention of the Legislature".

In construing a revision of statutes the presumption is that the codifiers and the Legislature did not intend to change the laws as they formerly stood and a mere change of phraseology or punctuation, or the addition or omission of words in revision or codification of statutes does not neces-

sarily change the operation or effect thereof and will not be deemed to do so unless the intent to make such change is clear and unmistakable. The provisions of the Act of 1905 relative to the issuance of refunding bonds by independent school districts, in our opinion, has been carried forward and embodied in a revision or codification in words which are substantially the same in meaning, and under the authorities such slight changes are to be considered immaterial and the law may be considered as a continuance of the old law.

There is no question but that throughout the history of this particular statute refunding bonds of independent school districts are required to be approved by the Attorney General, and when common school districts were authorized to issue refunding bonds we think the conditions attaching to the issuance of refunding bonds by independent school districts became equally as applicable. The phrase "under the provisions of this subdivision", as found in Article 2789, as amended (supra), in our opinion has reference to the conditions under which school districts generally have the authority to issue bonds originally. This authority is found in Article 2785 of Vernon's Annotated Civil Statutes - the pertinent part reads asfollows:

"Such bonds shall be examined by the Attorney General and, if approved, registered by the Comptroller".

You are, therefore, advised that in our opinion refunding bonds of common school districts must be approved by the Attorney General prior to their issuance.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Clarence E. Crowe
Clarence E. Crowe
Assistant

CEC-s:jrb